UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DANIEL RICHARD HALL, III, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 2:25-CV-26-DCLC-CRW |
| OFFICER DRAKE, et al., | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff Daniel Richard Hall, III, a prisoner housed in the Sullivan County Detention Center, is proceeding pro se in this civil rights action under 42 U.S.C. § 1983 [Doc. 1]. Plaintiff has filed a motion for leave to proceed *in forma pauperis* in this action [Doc. 4]. For the reasons set forth below, the Court finds that Plaintiff's motion [*Id.*] should be denied and this action dismissed without prejudice to Plaintiff's ability to pay the filing fee and reinstate this case.

I.  **LAW AND ANALYSIS**

The resolution of Plaintiff's motion to proceed *in forma pauperis* is guided by what is commonly referred to as the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff previously filed at least three cases as a prisoner that were dismissed as malicious or for failure to state a claim upon which relief may be granted. *See Hall v. Rouse*, No. 1:24-cv-271 (E.D. Tenn. Sept. 4, 2024) (dismissal for failure to state a claim); *Hall v. Cole*, No. 1:24-cv-

272 (E.D. Tenn. Sept. 13, 2024) (same); *Hall v. Cole*, No. 1:24-cv-300 (E.D. Tenn. Sept. 5, 2024) (dismissal as malicious); *Hall v. Sullivan Cnty. Jail*, No. 1:24-cv-301 (E.D. Tenn. Sept. 10, 2024) (same). These cases demonstrate that Plaintiff has abused his *in forma pauperis* privileges. Therefore, Plaintiff cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

In order to avail himself to the "imminent danger" exception under § 1915(g), Plaintiff's complaint must contain "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). It applies where a court, "informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed his complaint. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (citation omitted).

Plaintiff does not allege that he is in imminent danger of serious physical injury. Instead, Plaintiff's complaint alleges that Officer Drake "hung up the phone" on Plaintiff while Plaintiff was informing his family members of the charges against him [Doc. 1 p. 3–4]. Therefore, under the circumstances presented, Plaintiff is not entitled to the emergency intervention envisioned by the three-strikes exception to the PLRA.

## II.  CONCLUSION

For the reasons set forth above, Plaintiff's motion[1] to proceed *in forma pauperis* [Doc. 4]

---

[1] The Court notes that the motion is also deficient, as it is not accompanied by the required inmate trust account statement for the previous six months. *See* 28 U.S.C. § 1915(a)(2).

is **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without prejudice to Plaintiff's ability to pay the filing fee in full and thereby reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Accordingly, this case will be **CLOSED**.

Finally, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge